**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND, | ) | No. 26-cv-11230 |
| Plaintiffs, | ) | |
| v. | ) | |
| ECX CONSTRUCTION LLC, an Illinois limited liability company, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND and TRUSTEES OF THE CHICAGO

PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND, by and through their attorneys, PAUL M. EGAN, JAMES R. ANDERSON, GRANT R. PIECHOCINSKI, ANITA SALIU and ARNOLD AND KADJAN, LLP, complain against the Defendant, **ECX CONSTRUCTION LLC,** an Illinois limited liability company, as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

**The Parties**

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension Fund; Trustees of the Chicago Painters and Decorators Welfare Fund; Trustees of the Chicago Painters and Decorators Deferred Savings Fund; Trustees of the Chicago Painters and Decorators Apprenticeship Fund; Trustees of the Chicago Painters and Decorators Scholarship Fund; Trustees of the Chicago Painters and Decorators Joint Cooperation Trust Fund and Trustees of the Chicago Painters and Decorators Retirement Savings Fund ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, *et. seq*., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. Defendant, **ECX CONSTRUCTION LLC ("ECX")**, an Illinois limited liability company, is an employer engaged in an industry affecting commerce which since at least June 12, 2026, entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **ECX** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as (Exhibit A).

**The Agreements**

7. Pursuant to the provisions of the Labor Agreement, **ECX** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **ECX** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **ECX** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **ECX** is in compliance with its obligation to contribute to the Funds. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **ECX** is also required to remit contribution at dates certain and the failure to pay monthly

contributions in a timely manner results in the assessment of liquidated damages as set forth in the Labor Agreement. In addition, the Labor Agreement and the Trust Agreements require **ECX** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**The Claims**

9. **ECX** has breached the provisions of the Labor Agreement and Trust Agreements by failing to submit contributions audit for the period from June 1, 2026 through the present.

10. Plaintiffs require a fringe benefit compliance audit for the period of June 1, 2026 through the present to determine the amount of damages owed to the Plaintiff Funds.

11. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **ECX** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **ECX**.

13. **ECX** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)(c), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**Relief Sought**

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. That **ECX** be ordered to produce books and records for a fringe benefit fund contribution compliance audit for the period from June 1, 2026 through the present and that judgment be entered in favor of Plaintiffs and against the Defendant in the amount shown to be due and owing on the audit;

B. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

C. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Grant R. Piechocinski
One of their Attorneys

PAUL M. EGAN
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ANITA SALIU
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415